UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ROBERT JUDGE

                      Plaintiff,                                **ORDER**
                                                                             05CV5160 (ADS)

    -against-


MICHAEL ASTRUE, COMMISSIONER OF
SOCIAL SECURITY                .
-------------------------------------------------------X
**APPEARANCES:**

**ROBERT JUDGE**
Plaintiff *Pro Se*

**BENTON J. CAMPBELL, UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
610 Federal Plaza
Central Islip, NY 11722
By:    Robert Kambic, Assistant United States Attorney

**SPATT, District Judge**

       Presently before the Court are petitions by *pro se* plaintiff Robert Judge, (the "Petitioner"), variably to "vacate" or "appeal" from an October 31, 2008 decision of Administrative Law Judge Joseph R. Faraguna denying the Petitioner's application for Social Security Benefits. This action was initially filed as an appeal to a September 19, 2005 decision by the Social Security Administration (the "Administration") denying the Petitioner's application for disabled adult child benefits. On September 6, 2007, upon request of the Administration, the Court reversed the September 19, 2005 decision and remanded the Petitioner's claim for further administrative proceedings

regarding his application and for the issuance of a new decision. At that time, the Clerk of the Court was directed to close the appeal pending in this Court.

With respect to the present appeal, the Court notes that the Petitioner has failed to attach the October 31, 2008 decision of the Administrative Law Judge to his filings in this matter.

The Petitioner also filed with this Court on July 10, 2009 an application for "Order to Show Cause" seeking a preliminary injunction and temporary restraining order. The Petitioner contends that he appealed the Administrative Law Judge's October 31, 2008 determination to the Social Security Appeals Council on November 21, 2008, but no decision from that body has issued. The Petitioner contends that he contacted that office by telephone and was informed that it had lost his appeal papers. Accordingly, the Petitioner seeks an order from this Court directing the Social Security Appeals Council to rule on the Petitioner's appeal from the Administration's October 31, 2008 order.

Generally, a federal district court may review only a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g). "The Second Circuit has interpreted § 405(g) to require that administrative procedures [including review by the Appeals Council] generally be exhausted before judicial review is possible." *Jones v. Astrue*, 526 F. Supp. 2d 455, 459 (S.D.N.Y. 2007) (citing *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir.1983)).

However, 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus jurisdiction will apply where "'(1) the plaintiffs have a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief.'" *Id.* (quoting *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir.1984)). Further, mandamus "jurisdiction will lie to review procedures employed in administering social security benefits." *Alexander v. Schweicker*, 516 F. Supp. 182, 186 (D. Conn. 1981); *see also Dietsch*, 700 F.2d at 868 (stating that section 1361 "provides jurisdiction to review otherwise unreviewable procedural issues not related to the merits of a claim for benefits").

On July 24, 2009, counsel for the Social Security Administration, Robert B. Kambic, Assistant United States Attorney, responded by letter. Counsel advises the Court that Mr. Judge's appeal is pending and that counsel has asked the Administration to request that the Appeals Council expedite its decision on appeal. In light of these efforts, counsel requests that the Court stay its determination of the plaintiff's petition until the Appeals Council has rendered a decision and the plaintiff's administrative remedies have been exhausted. Counsel states that he will provide the Court with a status report in 45 days, on September 8, 2009.

Accordingly, it is hereby

**ORDERED**, that the plaintiff's motion for order to show cause and preliminary injunction is stayed for 45 days until September 8, 2009; and it is further

**ORDERED**, that counsel for the Administration shall advise the Court in writing on or before September 8, 2009 of the status of the plaintiff's appeal before the Appeals Council.

**SO ORDERED.**

Dated: Central Islip, New York
July 28, 2009

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge